UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA G. HINES,<br><br>    Plaintiff<br><br>    v.<br><br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:16-cv-05843-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Linda G. Hines ("Plaintiff"), who is proceeding pro se, filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 8, 9] and briefs addressing disputed issues in the case [Dkt. 19 ("Pltf.'s Br.") and Dkt. 20 ("Def.'s Br.").] The Court has taken the parties' briefing under submission without

---

[1] The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

oral argument. For the reasons set forth below, the Court affirms the decision of the ALJ and orders judgment entered accordingly.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On April 2, 2013, Plaintiff filed an application for Supplemental Social Security Income ("SSI"). [Dkt. 12, Administrative Record ("AR") 18, 190-203, 223.] On April 19, 2013, Plaintiff filed an application for DIB, alleging that she became disabled as of December 31, 2011. [*Id.*] The Commissioner denied her initial claim for benefits and then denied her claim upon reconsideration. [AR 18, 102-106, 111-115.] On January 15, 2015, a hearing was held before Administrative Law Judge ("ALJ") Edward C. Graham. [AR 33-53.] On February 25, 2015, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 18-32.] Plaintiff requested review from the Appeals Council, which denied review on June 20, 2016. [AR 1-4.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since December 31, 2011, Plaintiff's modified alleged onset date, through December 31, 2015, her date last insured. [AR 20.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: chronic low back pain without radiculopathy; age-related degenerative disc changes from L2-L3 through L5-S1 level; psychosis (non-specific); anxiety; depression; paranoia; and mood disorder. [AR 20 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 20-21 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [M]edium work as defined in 20 CFR 404.1567(b) and 416.967(c) except [Plaintiff] can stand and/or walk for 6 hours in an 8-hour workday and she can sit for 6 hours in an 8-hour workday; she can understand and remember tasks; she can sustain concentration and persistence; she can socially interact with the general public, co-workers, and supervisors; she can adapt to workplace changes frequently enough to perform unskilled, low stress jobs that require simple instructions.

[AR 22.] Applying this RFC, the ALJ found that Plaintiff is unable to perform past relevant work, but determined that based on her age (55 years old), high school education, and ability to communicate in English, she could perform representative occupations such as housekeeper (Dictionary of Occupational Titles ("DOT") 232.687-014), hand packager (DOT 920.587-018), and dining room attendant (DOT 311.677-018) and, thus, is not disabled. [AR 28-29.]

### III.  GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV.  DISCUSSION

Plaintiff contends that the ALJ: (1) failed to provide Plaintiff with a copy of the medical records that the ALJ relied upon; (2) failed to file a timely answer to Plaintiff's complaint; (3) erred in considering Plaintiff's medications and the side effects of her medication; and (4) erred in considering Plaintiff's sit/stand limitations. [Pltf.'s Br. at 2-3.] The Court will address each contention in turn.

3

**A. The Administrative Record Includes All Medical Records Referenced In The ALJ's Decision.**

Plaintiff first contends that the Commissioner failed to provide Plaintiff with a copy of all medical records that the ALJ relied upon in his decision. [Pltf.'s Br. at 2.] Specifically, Plaintiff states that administrative record does not include "the doctor's report [from which] the ALJ made their [sic] decision." [Pltf.'s Br. at 3.]

Plaintiff does not specify which "doctor's report" is missing from the record. The Court has reviewed the ALJ's decision and finds that every medical document referenced in the ALJ's decision is included in the administrative record. [Exhibits 1A, 2A, 5A, 6A, and 1F through 7F referenced in the ALJ's Decision can be found at AR 54-75; 78-99; 257-382.] Thus, it appears that Plaintiff is simply mistaken in her belief that the administrative record does not include all medical records referenced in the ALJ's decision. Accordingly, remand is not warranted on this basis.

**B. There Is No Basis For Finding The Commissioner's Answer Untimely.**

Plaintiff next asserts that the Commissioner's answer is untimely. [Pltf.'s Br. at 2.] Plaintiff states that the Commissioner filed its answer on November 21, 2016, more than ninety days after Plaintiff filed her Complaint. [*Id.*] However, the Commissioner has ninety days after receipt of the *service of the Complaint* to file a response (not ninety days from the *filing* of the Complaint). Plaintiff never submitted a proof of service in this case, although the Court's August 8, 2016 Order required her to do so, so the Court does not have a record of when Plaintiff served Defendant. [*See* Dkt. 6 ("August 8, 2016 Order") at p. 4-5.] The Commissioner contends that it received the Complaint on August 22, 2016, and therefore its answer is timely. [Def.'s Br. at 5.] Given that Plaintiff has submitted no evidence to the contrary, there is no basis for finding the Commissioner's answer untimely. Furthermore, even if, *arguendo*, the answer was untimely, Plaintiff failed to move for default *before* the Commissioner filed its answer. Once an answer is filed, it is

too late to move for entry of default. Fed. R. Civ. P. 55. Accordingly, this issue is moot and does not warrant a remand.

### C. The ALJ Properly Considered Plaintiff's Medications When Assessing Her RFC.

Plaintiff further contends that the ALJ did not consider Plaintiff's medications and the side effects of her medications. [Pltf.'s Br. at 2.] Plaintiff alleges that she takes "30mg of Oxycodone four times per day" and is also taking "Haldo." [*Id.*] Plaintiff states that these medications make her "very drowsey [sic]" and the Commissioner "never mention[ed]" her medication in "any of the documents" concerning her case. [Pltf.'s Br. at 2-3.] This is not true.

Plaintiff testified at the administrative hearing that she was taking medication for mental health issues, including Haldol, which "seem to be working the best" but made her drowsy. [AR 41-43.] Plaintiff also testified that she was taking medication for back pain, including 30 milligrams of Oxycodone, four times per day. [AR 49.] Plaintiff stated that the medication "really helps with the pain" but occasionally upsets her stomach. [AR 50.]

Plaintiff similarly reported to the consultative orthopedic examiner, Rajeswari Kumar, M.D., that she took medications, including Oxycodone, for back pain. [AR 296.] Dr. Kumar examined Plaintiff, reviewed Plaintiff's medical history and medications, and reviewed a MRI and CT scan of Plaintiff's lumbar spine. Dr. Kumar opined that Plaintiff had low back pain without radiculopathy and age-related degenerative disc changes, but remained able to lift up to 50 pounds occasionally and 25 pounds frequently, and stand/walk six hours in an eight-hour workday, with up to frequent bending and stooping. [AR 299-300.]

Plaintiff also reported to consultative psychiatrist, Dr. Elmo S. Lee, M.D., that she is currently taking Haldol and Cogentin to "manage some of her symptoms of anxiety, depression, and crying spells." [AR 305.] Dr. Lee reviewed Plaintiff's medical history and conducted a mental status examination. [AR 304-308.] Dr. Lee

concluded that Plaintiff's "psychiatric symptoms are relatively mild/moderate" and "the likelihood of recovery is good." [AR 308.] Dr. Lee opined that Plaintiff could "perform simple and repetitive tasks" and could "maintain regular attendance in the workplace and complete a normal workday/workweek without interruptions from psychiatric condition" if she continued with her psychiatric treatment. [*Id.*]

The ALJ afforded great weight to Dr. Kumar's opinion and "some weight" to Dr. Lee's opinion. In consideration of Plaintiff's subjective complaints, the ALJ assigned Plaintiff a *more restrictive* RFC than that recommended by Dr. Lee. [AR 26-27.] The ALJ recognized in his report that Plaintiff's mental health medications "somewhat alleviated her symptoms" but also "cause her to be drowsy." The ALJ also noted that Plaintiff had received a "conservative treatment of medications" for her back pain, which "improved her symptoms." [AR 23-24.] Accordingly, the Court finds that the ALJ properly considered the medical evidence and Plaintiff's subjective complaints regarding her medications and their side effects, and determined that the use of these medications did not render Plaintiff unable to work.

## D. The ALJ's Determination That Plaintiff Was Not Fully Credible Is Supported By At Least One Clear And Convincing Reason.

Plaintiff next contends that she is "unable to sit or stand for a period of time." [Pltf.'s Br. at 2.] At the administrative hearing, Plaintiff testified that she could sit for one to two hours before needing to stand. [AR 45-46.] She reported that she could stand for one minute before needing to lean on something because of pain in her left leg. [AR 46.] Plaintiff also claimed that she can only walk less than a block and has problems balancing. [AR 46-47.]

The ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, Plaintiff's allegations concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent alleged. [AR 23.] As discussed below, the ALJ offered legally sufficient reasons to support this adverse credibility

determination.

If a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged and there is no affirmative evidence of malingering, the ALJ must offer "clear and convincing" reasons to reject the claimant's testimony. *Trevizo v. Berryhill* 862 F. 3d 987, 1000 (9th Cir. 2017) (internal citations omitted)*; see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." (internal quotation omitted)). Moreover, "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991). In addition to the "ordinary techniques of credibility evaluation," *Bunnell*, 947 F.2d at 346, the following factors may be considered in assessing credibility: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

First, the ALJ found that Plaintiff's testimony was inconsistent with her daily activities. "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F. 3d 1154, 1165 (9th Cir. 2014) (internal citations omitted). Here, Plaintiff reported to the consultative examiner that she performed all of her own activities of daily living, maintained her personal hygiene, performed domestic chores around her friend's house, drove locally, shopped on her own, and regularly

attended church. [AR 23, 306.] Plaintiff's testimony at the hearing seemed to equivocate on what domestic chores she is able to complete, but did not otherwise conflict with the self-report she gave to the consultative examiner. [*See* AR 48, 306.] The Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff's daily activities (such as driving and shopping by herself) showed that she retained substantial functionality in her ability to sit/stand/walk, which contradicted her claim that she can only sit for one to two hours, cannot stand for more than a minute without "lean[ing] against something," and can only walk "less than a block." [AR 46.]

The ALJ also found that the objective medical evidence was inconsistent with Plaintiff's subjective complaints. Although Plaintiff claimed she could not stand for more than a minute without "lean[ing] against something," the ALJ noted that physical examinations were generally normal besides some diminished range of motion in Plaintiff's lumbar spine and Plaintiff was able to *ambulate without an assistive device* and *sit/stand with normal posture*. [AR 23, 46, 297-300.] The ALJ also noted that all medical opinions found Plaintiff able to work at a medium exertion level. [AR 26, 60-62, 71-73, 84-86, 95-97, 300; *see also* 20 C.F.R §§ 404.1567(c), 416.967(c) (defining exertion levels).] Thus, in this case, the absence of objective medical evidence to support Plaintiff's subjective complaints regarding her sit/stand limitations was a second specific, clear and convincing reason to discount Plaintiff's subjective statements. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (explaining that the ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence."). Accordingly, Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for finding Plaintiff less than fully credible, and thus, there is no error warranting reversal and remand.

///

# V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: August 31, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE